In the Matter of the Estate of GODFREY NURSE, Also Known as HENRY A. G. NURSE, Deceased. THOMAS B. DYETT et al., Respondents; DISTRIBUTEES OF THE ESTATE OF GODFREY NURSE, Also Known as HENRY A. G. NURSE, Deceased, Appellants. CITY OF NEW YORK, by J. LEE RANKIN, CORPORATION COUNSEL, Intervenor-Respondent.— Decree, Surrogate's Court, New York County (DiFalco, S.), entered on August 10, 1971, affirmed, with $60 costs and disbursements payable out of the estate to all parties appearing separately and filing separate briefs. There is no factual dispute and we agree with the conclusions and reasoning of Surrogate DiFalco. Concur — McGivern, Markewich and Steuer, JJ.; Stevens, P. J., and Murphy, J., dissent in the following memorandum by Murphy, J.: In 1956, Dr. Godfrey Nurse, a Harlem physician desiring to benefit his community and the Negro physician, created an irrevocable *inter vivos* trust known as the Godfrey Nurse Fund. Pursuant to the provisions thereof the trustees were directed to provide Harlem Hospital with the sum of $10,000 annually " to be used for the Godfrey Nurse Laboratory For Experimental Surgery ". At the end of 10 years, or sooner if the laboratory ceased to function as such, the then principal of the trust was to be paid over to said hospital for its general purposes. The expressly stated sole purpose and objective of the trust was " to furnish and appropriate funds necessary for the operation of the Godfrey Nurse Laboratory For Experimental Surgery at Harlem Hospital in the City of New York or its successor or successors." In 1961 Dr. Nurse executed a will leaving his residuary estate to the aforesaid trust. Regrettably, the donor's purposes were never attained. In 1966, when the trust was scheduled to terminate and it appeared that no agreement could be reached on the use of the fund in a manner satisfactory to Dr. Nurse, the trustees, at the instance of Dr. Nurse, instituted a proceeding for an accounting and instructions as to the proper disposition of the trust funds in order that they may be expended " in a manner which will most effectually accomplish the general purpose of the trust." During the pendency of that proceeding, a stipulation was entered into by all interested parties, later approved and incorporated in a judgment, which provided for the disposition of the trust funds. Briefly stated, after deduction of commissions and other necessary expenses, said funds were to be paid over to the City of New York to constitute " The Godfrey Nurse Fund " for the purpose of establishing The Godfrey Nurse Lectures, The Godfrey Nurse Research and Travel Grants and a Godfrey Nurse Fellowship. Dr. Nurse died in 1968, approximately one and one-half years after entry of the aforesaid judgment, without changing his previously executed will. After reviewing the essential facts the Surrogate concluded that " the residuary provided for quite clearly carried with it the testator's intention that the original trust as amended by the stipulation embodied in the decree was to benefit by his testamentary generosity." We disagree. It is, of course, fundamental that a will must be interpreted to reflect the testator's intent at the time his will was executed, as ascertained from the document as a whole. (*Matter of Thall*, 18 N Y 2d 186; *Matter of Englis*, 2 N Y 2d 395.) While it may be true that, in certain circumstances, effect may be given to a testator's implied intention (*Matter of Thall, supra*) the record before us clearly discloses that the sole objectives of the 1956 trust fund, to be supplemented by the 1961 residuary bequest, were the establishment and maintenance of a laboratory for experimental surgery at Harlem Hospital. The

failure to implement and carry out such purpose and intent was a matter of considerable concern to Dr. Nurse, as evidenced by his correspondence with the then Commissioner of Hospitals. Indeed, despite the express language of the trust which provided for the ultimate payment of the trust fund's remaining principal to Harlem Hospital for the general purposes of said institution if the laboratory ceased to function as such, or at the end of 10 years, Dr. Nurse felt compelled to petition the court for alternative relief rather than permit his funds to revert to the Commissioner of Hospitals and Harlem Hospital, as originally contemplated. Under such circumstances, the Surrogate correctly held that the absence of an over-riding charitable purpose precluded application of *cy pres* doctrine. However, he then accepted the Corporation Counsel's suggestion that "there was an *inter vivos cy pres*" when the settlor stipulated to a different use of the trust funds. We believe this was error. The *cy pres* doctrine is invoked when it appears that a testator was motivated by a general charitable intent. (*Matter of Potter,* 307 N. Y. 504.) The absence of such motivation in the instant situation is convincingly demonstrated by Dr. Nurse's words and actions. Even when the trust fund, by its own provisions, was to terminate and the principal thereof paid over to Harlem Hospital, Dr. Nurse, apparently recognizing that he could not himself reacquire the principal of this irrevocable trust, sought some other utilization of its funds so as to effectuate the trust's general purpose. An acceptable compromise involving the trust was reached. But we see no justification, on this record, to now hold that it was also Dr. Nurse's intention to add his residuary estate to such reluctantly accepted alternate disposition of his original gift. On the contrary, he clearly disclosed the limited purpose for which his bequest was to be used and we should not add to the initial frustration of Dr. Nurse's desires a wholly unintended direction. (*Matter of Syracuse Univ.* [*Heffron*], 3 N Y 2d 665.) Accordingly, the decree should be reversed and the will construed as providing that the residuary passes as in intestacy.